IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                      FAYETTEVILLE DIVISION

LARRY W. BRANTLEY and
RHONDA K. BRANTLEY                                      PLAINTIFFS

            v.           Civil No. 05-5093

SCARLETT BIGGS WILSON,
LARA GABRIELLE WILSON ROSENBLUM
and MARK ROSENBLUM                                      DEFENDANTS

                         **O R D E R**

    Now on this 5th day of May, 2006, comes on for consideration defendants' **Motion For Award Of Attorney's Fees And Costs** (document #40), and from said motion, the response thereto, and the supporting documentation, the Court finds and orders as follows:

    1.  The captioned case involved a breach of contract claim by plaintiffs against defendants, and a counterclaim by defendants alleging slander of title.  The matter was hotly contested, and resulted in trial to a jury on February 27, 2006.  The jury returned a verdict on March 1, 2006, denying recovery to any party.  The Court, taking into consideration the closeness of the issues, the fact that each side had incurred considerable litigation expenses, and the fact each side lost on its claims, entered Judgment requiring each party was to bear its own costs and attorney's fees.

    2.  Defendants now move for an award of costs and attorney's fees pursuant to **A.C.A. §16-22-308**, which gives the Court

discretion to award such fees to the prevailing party in a breach of contract suit. The Court has reviewed the motion, and for the following reasons is not persuaded that it should alter its initial decision that each party should bear its own fees and expenses.

3. The issues in this case were very close, and the Court believes that plaintiffs were acting in good faith in trying to prove that a contract for the sale of land came into being through negotiations conducted mostly via e-mail, using Arkansas statutes that are relatively new and untested, and legal concepts which, although sound, have not yet gained wide recognition among the public, from whom jury pools are drawn. In spite of this, plaintiffs marshaled considerable evidence in their favor, and could well have prevailed. Plaintiffs were also put to considerable expense to defend the counterclaim.

For these reasons, the Court believes that the equities favor requiring each party to bear its own fees and costs. Cf. **Jones v. Abraham**, **341 Ark. 66, 15 S.W.3d 310 (2000)**(affirming denial of fees based on court finding that plaintiff's attorneys "did an excellent job under the constraints of Arkansas law and the rules of evidence and the fact that they were trying to prove something that occurred years and years ago with deceased witnesses").

**IT IS THEREFORE ORDERED** that defendants' **Motion For Award Of Attorney's Fees And Costs** (document #40) is **denied.**

**IT IS SO ORDERED.**

                                        <u>/s/ Jimm Larry Hendren</u>
                                        **JIMM LARRY HENDREN**
                                        **UNITED STATES DISTRICT JUDGE**